UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Joshua Linwood Jacobs, # 309678, | ) C/A No. 2:11-cv-319-RBH-BHH |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| Food Service Branch of South Carolina Department of Corrections, | ) |
| Defendant. | ) |

Plaintiff is a state prisoner in the custody of the South Carolina Department of Corrections in Kershaw Correctional Institution (KCI), in Kershaw, South Carolina. Proceeding *pro se* and *in forma pauperis*, Plaintiff brings this action naming the "Food Service Branch of South Carolina Department of Corrections" as the only Defendant in his Complaint, which is liberally construed as an attempt to assert a claim for damages and injunctive relief under 42 U.S.C. § 1983.[1] Because the Food Service Branch of the South Carolina Department of Corrections is not "a person acting under color of state law" it is not amenable to suit under § 1983.  Therefore, Plaintiff's Complaint should be summarily

---

[1] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law."  See *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973).  The purpose of § 1983 is to deter state actors from using their badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.  See *McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996). In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

1

dismissed, without prejudice and without issuance and service of process, because it fails to state a claim for which this Court may grant relief.

## *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review *pro se* complaints and petitions for relief and submit findings and recommendations to the District Court. Title 28 U.S.C. § 1915A(a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The *in forma pauperis* statute authorizes the District Court to dismiss a case if it is satisfied that the action is frivolous, or fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §1915(e)(2)(B)(I), (ii), and (iii). As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*). However, even under this less stringent standard, a *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dept. of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

## BACKGROUND

Plaintiff's Complaint alleges that on July 10, 2010 when he was served his dinner tray of turkey sausage by Officer Brown in KCI's Special Management Unit (SMU) cell # 13, Plaintiff "bit into my turkey sausage and came down hard on some kind of thick plastic which I almost swolled." ECF No. 1, p. 3. Plaintiff alleges that he called Officer Brown back

2

to his cell and reported what had happened and Officer Brown stated that he would write an incident report "because this is a dangerous health problem and could very well have killed me if I was to have swolled that plastic." ECF No. 1, p. 3. Plaintiff alleges that he spoke to an SMU nurse, Mrs. Coley "because I got sick off the plastic I found inside my meat." ECF No. 1, p. 3. Plaintiff alleges that his cell mate, Brian McFarland # 332713, witnessed the incident, that Officer Brown also saw the plastic. Plaintiff alleges that he filed a grievance (No. KRCI 1934-10) concerning the claim raised in this case, on October 20, 2010, and received a final institutional determination on October 25, 2010. ECF No. 1, p. 2. Plaintiff alleges that he has "statements from the Kershaw Warden Mr. Washington stating that I could sue this company for their careless mistake they made in keeping their product safe to others who may come in contact with it." ECF No. 1, p. 3. Plaintiff seeks an unspecified amount of compensatory and punitive damages, and a preliminary injunction, "cause the impact the product had on my life can never be fixed. I can no longer look at a sausage or smell a sausage without getting sick. Their product was defective and was a unsafe product dangerous to anyone who may have come in contact with it." ECF No. 1, p. 5.

## DISCUSSION

In order to state a plausible claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Monroe v. Pape*, 365 U.S. 167 (1961); *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). It is well settled that only "persons" may act under color of state law, therefore, a defendant in a § 1983 action must qualify as a "person." For example, this

3

District Court and several courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law. *See Adopted by, Dismissed by, in part Burnett v. SCDC*, 2010 U.S. Dist. LEXIS 134578 (D.S.C., Dec. 20, 2010) *Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 2000 U.S. App. LEXIS 465 at * 3 (4th Cir. 2000),("The [district] court also properly determined that the Piedmont Regional Jail is not a 'person,' and is therefore not amenable to suit under 42 U.S.C. § 1983, and we affirm the dismissal of the claims against the jail for that reason."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D.N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Additionally, use of the term "staff" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in section 1983 actions. Plaintiff must identify the person or persons who purportedly violated his rights. *See Barnes v. Baskerville Corr. Ctr. Med. Staff,* Civil Action No. 3:07CV195, 2008 U.S. Dist. LEXIS 48726 at * 2 (E.D. Va. June 25, 2008), *Martin v. UConn Health Care*, No. 3:99CV2158 (DJS), 2000 WL 303262, *1 (D. Conn. Feb. 09, 2000). The Food Service Branch of the South Carolina Department of Corrections is an inanimate entity, a branch, department or division of the South Carolina Department of Corrections. It is not a "person" subject to suit under 42 U.S.C. § 1983. *See Ferguson v. Morgan*, No. 1:90cv06318, 1991 U.S. Dist. LEXIS 8295 at * 1 (S.D.N.Y. June 20, 1991)(the Otisville Correctional Facility Medical Staff is not a person for purposes of § 1983). Additionally, neither a state, a state agency or department, or its officials, acting in

4

their official capacities, are "persons" under § 1983.  *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989).

Moreover, the Eleventh Amendment forbids a federal court from rendering a judgment against an unconsenting state in favor of a citizen of that state.  *Edelman v. Jordan*, 415 U. S. 651, 663 (1974).  Although the language of the Eleventh Amendment does not explicitly prohibit a citizen of a state from suing his own state in federal court, the United States Supreme Court in *Hans v. Louisiana*, 134 U. S. 1 (1890), held that the purposes of the Eleventh Amendment, *i.e.* protection of a state treasury, would not be served if a state could be sued by its citizens in federal court.  The Eleventh Amendment also bars this Court from granting injunctive relief against the State or its agencies.  *See Alabama v. Pugh*, 438 U. S. 781 (1978); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996) ("the relief sought by plaintiff suing a State is irrelevant to the question whether the suit is barred by the Eleventh Amendment").  State agencies and state instrumentalities share this immunity when they are the alter egos of the state.  *See Regents of the University of California v. Doe,* 519 U.S. 425, 429 (1997).[2]  As a state agency, the South Carolina Department of Corrections is protected by Eleventh Amendment immunity from a federal lawsuit for monetary damages.  Hence, this Court lacks jurisdiction over this case

---

[2]  While the United States Congress can override Eleventh Amendment immunity through legislation, Congress has not overridden the states' Eleventh Amendment immunity in § 1983 cases.  *See Quern v. Jordan*, 440 U. S. 332, 343 (1979).  In addition, a state may consent to a suit in a federal district court*.  See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99 & n. 9 (1984).  However, S.C. Code Ann. 15-78-20(e) expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another state.

and Plaintiff's Complaint against the Food Service Branch of the South Carolina Department of Corrections is subject to dismissal for this reason, as well.

Plaintiff's request for a preliminary injunction (ECF No. 1, p. 5) is liberally construed as a Motion for Preliminary Injunction. *See* Fed. R. Civ. P. 7(b), 65(a). As a preliminary injunction temporarily affords an extraordinary remedy prior to trial that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate that: (1) he is likely to succeed on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24-25 (2008). Here, it is recommended that Plaintiff's Complaint be summarily dismissed because it fails to state a claim on which this Court may grant relief. Thus, Plaintiff has no likelihood of success in the underlying case. Plaintiff also fails to show that he will suffer irreparable injury if he is not granted a preliminary injunction. Additionally, he has not shown that the balance of equities tips in his favor or that an injunction is in the public interest.

## RECOMMENDATION

Accordingly, it is recommended that the Complaint in the above-captioned case be dismissed *without prejudice* and without issuance and service of process. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)(fails to state a claim on which relief may be granted); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Plaintiff's attention is directed to the important notice on the next page.

                                              s/Bruce Howe Hendricks
                                              United States Magistrate Judge

February 15, 2011
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29401**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).